### UNITED STATES ex rel. WEISMAN v. BROWN, Sheriff.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1922.)

No. 5855.

**1. Courts ⬳405(5)—Where jurisdiction of District Court denied, appeal should be to Supreme Court.**

Where the jurisdiction of a District Court is in issue, and is decided in favor of defendant, plaintiff should appeal directly to the Supreme Court.

**2. Courts ⬳405(5)—Where jurisdiction of District Court sustained. appeal should be to Circuit Court of Appeals.**

Where the question of jurisdiction is in issue, and the jurisdiction is sustained, and then judgment is rendered for defendant on the merits, plaintiff, having maintained jurisdiction, must appeal to the Circuit Court of Appeals, and then if the question of jurisdiction arises, it may be certified to the Supreme Court.

**3. Courts ⬳1—Habeas corpus ⬳45(1)—Under federal statute, filing of petition gives District Court jurisdiction to grant; "jurisdiction."**

Under Rev. St. § 755 (Comp. St. § 1283), authorizing a District Judge to award a writ of habeas corpus, unless it appears from the petition that petitioner is not entitled to it, the filing of a petition gives the court jurisdiction, as "jurisdiction" is the power to decide either rightly or wrongly and is not confined to cases where the particular facts authorize the requested relief.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

**4. Judgment ⬳717—Judgment of court with jurisdiction conclusive on all issues within court's authority, unless reversed or impeached for fraud.**

Jurisdiction empowers the court to determine, every issue within the scope of its authority according to its own view of the law, the pleadings, and the evidence, and every judgment so rendered is conclusive on the parties, unless reversed or impeached for fraud.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

281 F.—42

**5. Habeas corpus ⊚⊐45(2)—Federal court will not discharge state prisoner before trial in state court.**

On habeas corpus proceeding the federal courts will not discharge, except in that small class of exceptional cases of peculiar urgency, of which this is not one, before trial in the state court, a state prisoner claiming that he was to be placed twice in jeopardy and deprived of his promised immunity, contrary to the federal Constitution, as these claims could be fully considered in the state trial, and, if they are not sustained error could then be brought to the United States Supreme Court.

**6. Courts ⊚⊐508(1)—Federal court, in aid of its jurisdiction, authorized to restrain state court action.**

Where a federal court acts in aid of its own jurisdiction, it may restrain all proceedings in a state court which have the effect of defeating or impairing its jurisdiction, notwithstanding Rev. St. § 720 (Judicial Code, § 265 [Comp. St. § 1242]), providing that writs of injunction shall not be granted by a federal court to stay proceedings in a state court, except in bankruptcy proceedings.

**7. Courts ⊚⊐508(7)—Pending appeal, proper for Circuit Court of Appeals to restrain state court proceeding, until decision on appeal decided.**

On motion pending relator's appeal, it was proper for the Circuit Court of Appeals to make a restraining order preserving existing conditions until it could hear and decide whether it has, and the court below had, jurisdiction, in view of Rev. St. § 766, as amended (Comp. St. § 1292), providing that pending an appeal to the Circuit Court of Appeals in a habeas corpus proceeding, any proceeding against relator in the state court for the same matter shall be void.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Habeas corpus by United States, on the relation of Mike Weisman, against Earle Brown, Sheriff of Hennepin County, Minn. From an order discharging the writ, relator appeals. Defendant moves to dismiss the appeal and to vacate the restraining order. Motions to dismiss the appeal and to vacate restraining order denied. Order discharging writ affirmed.

F. W. Booth, of Minneapolis, Minn. (E. S. Cary, of Minneapolis, Minn., on the brief), for appellant.

Floyd B. Olson, of Minneapolis, Minn., for appellee.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. This case presents an appeal from an order of discharge of a writ of habeas corpus, issued on the petition of Mr. Weisman, a motion by the appellee, Earle Brown, the sheriff of Hennepin county, to dismiss the appeal on the ground that this court has no jurisdiction to entertain or hear it, and a motion to vacate an order made by this court while the appeal was pending, which restrained, under section 766 of the Revised Statutes as amended (section 1292, Comp. St.), the county attorney of Hennepin county and the sheriff and the clerk of the district court of Dakota county, Minn., from taking further action or proceedings in the case of State of Minnesota v. Weisman, wherein he was charged by an indictment with keeping a house of ill fame on February 24, 1919, in Minneapolis, Minn. On February 23, 1921, Mr. Weisman filed in the District Court below and presented to the judge of that court his petition for a writ

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of habeas corpus to relieve him from the restraint of his liberty, as he claimed, in violation of the Constitution of the United States, by his indictment for keeping a house of ill fame on the 24th day of February, 1919, and the pressing of that case to trial, in that he was thereby put twice in jeopardy for the same offense, and was being prosecuted in violation of a promise of immunity from such prosecution made with him by authorized officers of the state, in consideration of disclosures and testimony which he was persuaded to give by the officers of the state before the grand jury regarding the commission of certain crimes, in reliance upon such promise of immunity. There are many other allegations and claims set forth in the petition, but it is unnecessary to a determination of the questions in this court to state or consider them.

Upon the petition of Mr. Weisman, the relator, the judge below issued a writ of habeas corpus to Mr. Brown, the sheriff of Hennepin county, returnable on February 26, 1921. On that day the sheriff appeared by his attorney for the sole purpose of moving for the dismissal of the writ, upon the ground that the court was without jurisdiction to issue or hear the same, because the relator was not in the custody of the sheriff, but had been admitted to bail in a criminal case in the district court of Hennepin county, and was at large at the time of the issue of the writ of habeas corpus. The court held that the point was well taken, but that, as it appeared that Weisman could at any time be surrendered to the sheriff, he passed this objection without prejudice. The sheriff filed a return to the writ to the effect that Weisman was not in his custody or control when the writ was issued or thereafter, and after argument the judge ordered:

"That said writ of habeas corpus be discharged, for the reason that in the opinion of the court no special emergency or legal question was involved in said application and return that could not be presented and determined in the Hennepin county district court upon the trial of the case in that court, and that none of the federal constitutional questions were presented upon said hearing that could not be determined by said District Court, or in the due course of the said trial by the United States Supreme Court upon appeal or writ of error."

[1, 2] In support of the motion to dismiss the appeal from the order discharging the writ, counsel for the sheriff earnestly contends that, as this appeal involves the jurisdiction of the court below and a question of the violation of the Constitution of the United States, and as cases involving these questions are appealable to the Supreme Court (section 238, Judicial Code [Comp. St. § 1215]), that court alone had jurisdiction of the appeal from the order discharging this writ, and consequently this court is without jurisdiction thereof. But the well-settled rule upon this subject is that, if the jurisdiction of the District Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to the Supreme Court; that if the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the

question of jurisdiction arises, the Circuit Court of Appeals may certify it. United States v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 39, 39 L. Ed. 87.

In the case at bar the jurisdiction of the court below was not decided in favor of the defendant, but the jurisdiction of that court was sustained, and the decision and order were rendered in favor of the defendant on the merits of the case. Therefore the case falls in the second class of cases specified by the rule cited, and this court has jurisdiction of the appeal, and the motion to dismiss it must be denied.

[3] Nor was the court below in error in its conclusion that it had jurisdiction of the proceeding for the writ. There is a fundamental distinction between the facts essential to the jurisdiction of the district court over the subject-matter and the parties, and the facts indispensable to entitle the petitioner to have the court exercise its jurisdiction to grant the relief he seeks. In a civil action a complaint which fails to state facts sufficient to warrant the exercise of its jurisdiction in favor of the plaintiff and the service of a summons to answer it brings the case and party within the jurisdiction of the court to hear and decide: (1) Whether or not it has jurisdiction of the subject-matter and the parties; and (2) whether or not the facts presented by the pleadings and evidence, if any, entitle either of the parties to the relief they respectively seek.

The acts of Congress granted to the District Judge below the power and imposed upon him the duty, upon the presentation of the petition of the relator for the writ of habeas corpus for the purpose of an inquiry into the cause of the alleged restraint of his liberty, to "forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." Revised Statutes, § 755 (Comp. St. § 1283). The filing of the petition, therefore, without more, granted to the District Judge the power and, imposed upon him the duty: (1) To decide whether or not it appeared therefrom that the petitioner was not entitled to the writ, and if he decided either correctly or erroneously, for jurisdiction is the power to decide wrongly as well as rightly, that it did not appear from the petition that the relator was not entitled to the writ; (2) to issue the writ and to hear and decide every issue of law and fact conditioning his ultimate adjudication as they should arise in the progress of the case.

[4] Jurisdiction is not confined to cases in which the particular facts constitute a good cause of action, or authorize, or require the court to exercise its jurisdiction to grant relief. It includes every issue, the issue of jurisdiction as well as the issues on the merits within the scope of the general power vested in the court by the law of its organization to deal with the abstract question involved. It empowers the court to determine every issue within the scope of its authority according to its own view of the law, the pleadings and evidence, if any, and every judgment and decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal or impeached for fraud. In re First National Bank, 152 Fed. 64, 69, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Plymouth Cord Co., 135 Fed. 1000, 1004, 68 C. C. A. 434; Foltz v. St. Louis & San Fran-

cisco Railroad Co., 60 Fed. 316, 318, 8 C. C. A. 635, and cases there cited.

[5] The question whether or not the relator was restrained of his liberty by the sheriff, or was out on bail and not within the custody of the sheriff, did not condition the jurisdiction of the District Court under the proceeding for the writ, because that jurisdiction attached when the petition was presented to the judge. It did condition the relief he should grant, and hence the merits of the case. This is also true of the question, the decision of which dismissed the writ, the question whether or not the facts disclosed by the pleadings and the affidavit presented on behalf of the sheriff brought the case in hand into that small class of exceptional cases of peculiar urgency, in which a petitioner is restrained of his liberty by officials of a state under an indictment for or a conviction of the commission of a crime. That question did not condition the jurisdiction of the District Court, but the extent of the relief it should grant and the manner of its exercise of its jurisdiction, and a careful consideration of the facts disclosed by the petition for the writ, the return of the sheriff, the affidavit, and the arguments and briefs of counsel, have left no doubt that this case was not one of those exceptional cases in which it was the duty of the court to discharge the petitioner, but that it was one of those cases in which the claims of the petitioner that he was or was to be placed twice in jeopardy and deprived of his promised immunity from prosecution and testifying in violation of the Constitution of the United States, if these claims were well founded, could be perfectly protected and enforced by the presentation of them to the state court at the trial of the case under the indictment, and, in case those claims were not sustained, by a writ of error to the Supreme Court of the United States. Urquhart, Sheriff v. Brown, 205 U. S. 179, 181, 182, 27 Sup. Ct. 459, 51 L. Ed. 760; Baker v. Grice, 169 U. S. 284, 290, 18 Sup. Ct. 323, 42 L. Ed. 748; Ex parte Shears (D. C.) 265 Fed. 960.

The result is that the District Court below acquired jurisdiction of the petition and proceeding for the writ of habeas corpus. It rightfully discharged that writ, because the case presented by the pleadings and proof clearly required it to refrain from interfering with the threatened trial of the petitioner by the state court under an indictment for the commission of a crime against the state, under which the state court had acquired jurisdiction of him and of the charge against him before the petition in this court was filed. This court has jurisdiction of the appeal, the motion to dismiss it must be denied, and the order of the court below discharging the writ must be affirmed.

[6] After the relator had appealed to this court from the order of the court below, and while this appeal was pending, the facts were made to appear to this court that the county attorney of Hennepin county, the sheriff of Dakota county, and the clerk of the district court of the latter county were proceeding to try, convict, and imprison the petitioner under the indictment in the case in the state court, under which the petitioner charged in his petition for the writ that he was confined and would be deprived of his liberty, in viola-

tion of the Constitution of the United States, so that, if this court should reverse the decision of the court below and sustain the writ, the petitioner would have suffered the wrongs for which he sought relief before the decision of this court could be made effective, and the action of this court would be rendered futile. Thereupon, upon the motion of the relator, this court ordered the county attorney, the sheriff, and the clerk, all of whom appeared specially for the sole purpose of objecting to the jurisdiction of this court, to refrain from further proceedings in the case under the indictment in the state court until the appeal here pending should be heard and decided, and the judgment therein should be filed.

Counsel for the county attorney, the sheriff, and clerk have made a motion that this court order the vacation of this restraining order, upon the ground that it "was without authority and had no jurisdiction to make said order," and their counsel argue that this motion should be granted because, first, the District Court below never acquired any jurisdiction of the proceeding for the writ of habeas corpus; second, there was no case pending in this court when the restraining order was made, because this court had no jurisdiction of the appeal; and, third, because this court had no authority, except in certain cases in bankruptcy, to restrain the proceedings in a state court. The first and second reasons here urged in support of the motion fail to persuade, because, as has already been decided, they do not seem to be well founded in law or in fact.

It is true that section 720, Revised Statutes (section 1242, Comp. St.; section 265, Judicial Code), declares that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. But where a federal court acts in aid of its own jurisdiction it may, notwithstanding section 720, restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction. Julian v. Central Trust Co., 193 U. S. 93, 112, 24 Sup. Ct. 399, 48 L. Ed. 629; Gunter v. Atlantic Coast Line, 200 U. S. 292, 26 Sup. Ct. 252, 50 L. Ed. 477; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 182, 183, 41 Sup. Ct. 93, 65 L. Ed. 205; Prout v. Starr, 188 U. S. 537, 543, 23 Sup. Ct. 398, 47 L. Ed. 584; Lang v. Choctaw, Oklahoma & Gulf Railroad Co., 160 Fed. 355, 360, 87 C. C. A. 307; St. Louis-San Francisco Railroad Co. v. McElvain (D. C.) 253 Fed. 123, 131.

[7] Section 766, Revised Statutes, as amended (section 1292, Comp. St.), and the three sections preceding it provide, that pending the appeal to this court in such a case as that in hand, and until final judgment on the appeal, any proceeding against the relator therein in any state court for any matter in process of being heard and determined under such writ of habeas corpus as that herein involved, shall be deemed null and void, and such proceedings in violation of this prohibition have been repeatedly held to be void. Ex parte Martin (C. C.) 180 Fed. 209, 210; In re Shibuya, 140 U. S. 291, 294, 295, 11 Sup. Ct. 770, 35 L. Ed. 510. If the prosecution of the charge under the indictment proceeded in the state court to trial, conviction, sen-

tence, and imprisonment pending this appeal, and this court sustained the appeal thereafter, its jurisdiction and power to grant relief to the petitioner would have been impaired, if not destroyed. This court had jurisdiction of the appeal, and the power had been granted to it and the duty imposed upon it to protect and preserve its jurisdiction and its power to give effect to its judgment unimpaired. Even if the court below had had no jurisdiction of the habeas corpus proceeding, and if this court had had no jurisdiction of the appeal, still it would have been its duty to make the restraining order and to preserve existing conditions until it could hear and decide the questions whether or not the court below had jurisdiction of the proceedings and whether or not this court had jurisdiction of the appeal, for so the Supreme Court had decided. In United States v. Shipp, 203 U. S. 563, 573, 27 Sup. Ct. 165, 166, 51 L. Ed. 319, 8 Ann. Cas. 265. The pertinent portion of the opinion of that court reads in this way:

"But even if the Circuit Court had no jurisdiction to entertain Johnson's petition, and if this court had no jurisdiction of the appeal, this court, and this court alone, could decide that such was the law. It, and it alone, necessarily had jurisdiction to decide whether the case was properly before it. On that question, at least, it was its duty to permit argument and to take the time required for such consideration as it might need. See Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U. S. 379, 387. Until its judgment declining jurisdiction should be announced, it had authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition just as the state court was bound to refrain from further proceedings until the same time. Rev. Stat. § 766; Act March 3, 1893, c. 226, 27 Stat. 751. The fact that the petitioner was entitled to argue his case shows what needs no proof, that the law contemplates the possibility of a decision either way, and therefore must provide for it. Of course the provision of Rev. Stat. § 766, that until final judgment on the appeal further proceedings in the state court against the prisoner shall be deemed void, applies to every case. There is no implied exception, if the final judgment shall happen to be that the writ should not have issued, or that the appeal should be dismissed."

In the case at bar the court below had jurisdiction of the proceedings for the writ, and this court had jurisdiction of the appeal, and by so much the more was it its duty to grant the restraining order, and the motion to vacate it must be denied. That order, however, will cease to restrain the county attorney, county sheriff, and clerk from proceeding in the case in the state court subsequent to, but not until the filing and recording in this court of, the order affirming the order of discharge of the writ made by the court below.

Let the motion to dismiss the appeal be denied, let the order of the court below discharging the writ be affirmed, and let the motion to vacate the restraining order of this court be denied.