FIREMEN'S FUND INS. CO. et al. v. CRANDALL HORSE CO. OF BUFFALO, N. Y.

No. 1035.

District Court, W. D. New York.

Sept. 26, 1942.

See also, D.C., 47 F.Supp. 78.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y. (Hugh McM. Russ, of Buffalo, N. Y., and Alvan C. Trippe, of Kansas City, Mo., of counsel), for plaintiffs.

Ulysses S. Thomas, of Buffalo, N. Y., and C. W. Crossan, of Kansas City, Mo. (Ralph W. Dox, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Two motions are presented for determination. One is for a temporary injunction to restrain the defendant and its attorneys from the prosecution in various courts in Missouri of separate suits against the seven plaintiffs herein and two other insuring companies.

The Crandall Horse Company, the defendant, is a New York corporation. This suit was brought to have declared void policies of insurance issued by these plaintiffs upon property owned by the defendant which was destroyed by fire. The basis of the suit is that the fire was of incendiary origin and that the policy was invalidated by reason of false swearing on the part of the defendant.

The second is a motion on behalf of the Franklin National Insurance Company and the American Eagle Fire Insurance Company seeking leave to intervene as co-plaintiffs herein, and to restrain the prosecution of suits brought in the said State of Missouri by the defendant against each of these two companies.

The instant suit was commenced by the service of a Summons and Complaint on April 15, 1942. Each of the aforesaid suits in the courts in the State of Missouri was commenced subsequent to the commencement of this suit. It appears from the statement in the plaintiffs' brief herein that these state court actions were commenced in or about the 1st of August, 1942, at which time an order was granted by this court denying the motion of the defendant to dismiss the complaint herein.

The question presented as to the first-above stated motion is whether this court can restrain the prosecution of the state court actions. The action in this court was the first brought. The issues in the actions in both courts are, in effect, the same. As stated, the defendant is a New York corporation, and its principal place of business is in the City of Buffalo, New York, in this District. The fire loss occurred in that city. The convenience of the witnesses can best be served by a trial in that city where the Federal Court for the trial of the issues sits. The instant suit can be tried at the approaching November term of this court, and the issue, as to all of the plaintiffs at least, can then likely be determined earlier than they can in the state courts. These are among the reasons urged why the state's action should be restrained.

This motion for an injunction must be determined upon the construction of the provisions of Judicial Code, Section 265, 28 U.S.C.A. § 379, which provides that: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The effect of Section 265 has been considered by the courts many times. It has been definitely decided that where the federal court has first acquired jurisdiction in an action in rem an action over the same res in the state court may be restrained, because such action would impair and defeat the jurisdiction of the federal court first attached. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Also see Bryant v. Atlantic Coast Line R. Co., 2 Cir., 92 F.2d 569, and cases cited. There are numerous other types of cases where the state court action has been restrained on the ground that it tends to impair such jurisdiction. Cases cited in Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205, illustrate a number of these, and Toucey v. New York Life Ins. Co. (and Phœnix Finance Corp. v. Iowa-Wisconsin Bridge Co.), 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, show other types. Section 265, supra, is to be read in the light of section 262 of the Judicial Code, 28 U.S.C.A. § 377, which authorizes the federal courts to issue writs not specifically provided for by statute which are necessary "for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." But the general powers there given were limited by the specific provisions of section 265. Toucey v. New York Life Ins. Co., supra,

314 U.S. page 132, 62 S.Ct. 139, 86 L.Ed. 100. The Toucey case involved the question of the right of the federal court to restrain the relitigation of issues theretofore settled by final decision in the federal court. First impressions would bring the conclusion that the federal court is authorized to grant such restraint on the ground that the state court action would tend to impair the jurisdiction of the federal court. Indeed, the Supreme Court was much divided upon the question. Upon the first hearing, by an equally divided court, it was held that the federal court had the power to enjoin proceedings in the state court. Upon a rehearing this decision was reversed, three Judges nonconcurring.

■■ It seems to me that, in the light of the decision in the Toucey and its companion case, and the cases therein cited, I must conclude that this court does not have the right to restrain the state court actions. These decisions make it clear that the only departure from the exception stated in section 265 authorized is in actions in rem, and also in certain types of actions in personam, which do not include actions of the type of the instant case. Bryant v. Atlantic Coast Line R. Co., supra, presents a thorough discussion of the types of cases, other than bankruptcy, excepted from section 265. Also see Baltimore & Ohio R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678. In Toucey v. New York Life Ins. Co., Judge Frankfurter reviews the history of section 265 and points out specific statutes which place proceedings outside the prohibitions of that section and discusses the application of the section apart from statutory direction, including actions in rem and actions to enjoin litigants from enforcing fraudulent judgments obtained in the state court. The opinion, among other things, states [314 U.S. 118, 62 S.Ct. 147, 86 L.Ed. 100]: "We find, therefore, that apart from Congressional authorization, only one 'exception' has been imbedded in § 265 by judicial construction, to wit, the res cases. The fact that one exception has found its way into § 265 is no justification for making another." The quoted language is to be construed in connection with the prior statements in the opinion pointing out certain instances in which state courts have been restrained without specific authorization therefor. The latter cases, however, are such only as tend to impair the jurisdiction of the court. Further, in the opinion it is said: "There is no occasion here to regard the silence of Congress as more commanding than its own plainly and unmistakably spoken words. * * * To find significance in Congressional nonaction under these circumstances is to find significance where there is none." While the Toucey case did not involve the question presented here, the language quoted is applicable. The instant case obviously is not an action in rem. It is an action in personam. "But the very purpose of Kline v. Burke Construction Co., supra, was to reaffirm * * * that two actions in personam upon the same cause of action may go on pari passu in different jurisdictions." Bryant v. Atlantic Coast Line R. Co., supra [92 F.2d 571]. Standard Acc. Ins. Co. v. Alexander, Inc., D.C., 23 F.Supp. 807, 809, was an action for relief under the Declaratory Judgment Act, 28 U.S.C.A. § 400. The court there said: "Suit in the state court and this suit here are each in personam." A declaratory judgment "seeks only a final determination," not performance or execution. Borchard Declaratory Judgments, p. 25, 2 Ed. There is no reason apparent to me why a suit for declaratory judgment should have any intermediate classification between an action in personam and an action in rem entitling it to be made an additional exception to section 265. As was said in Kline v. Burke Construction Co., supra [260 U.S. 226, 43 S.Ct. 81, 67 L.Ed. 226, 24 A.L.R. 1077]: "The rule * * * has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Vide, also, Southern Ry. Co. v. Painter, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116; Corpus Juris Secundum, 1942 accumulative annual pocket part to vol. 21, and cases cited.

I have examined the numerous cases cited in the plaintiffs' brief. It is true that certain of these lend support to the plaintiffs' position. It is equally true that many of the cases are not in conflict with the ruling principles hereinbefore stated. This is well illustrated in Brown v. Pacific Mutual Life Ins. Co., 4 Cir., 62 F.2d 711, 713, a suit in equity, cited by the plaintiffs, wherein it is said: "There can be no question as to the general power of a court of equity, which has acquired jurisdiction of a cause, to enjoin the prosecution of all proceedings commenced afterward which would have the effect of defeating or impairing its ju-

risdiction, or the lawful effect of its orders and decrees in the exercise of that jurisdiction; * * *." See, also, to the same effect, United States v. Brown, 8 Cir., 281 F. 657. The failure to enjoin the prosecution of these state court actions here will not have the "effect of defeating or impairing" this court's jurisdiction or the effect of its orders and decrees. In several cases cited by the plaintiffs it has been said that section 265, supra, is not a "jurisdictional statute", and some have said it merely goes to the question of equity prevented by the particular bill. Jamerson v. Alliance Ins. Co. of Philadelphia, 7 Cir., 87 F.2d 253, is a case closely comparable in its facts with the case at bar. But there the federal suit was one in equity. An injunction was granted. This is not a suit in equity; Bakelite Corp. v. Lubri-Zol Dev. Corp., D.C., 34 F.Supp. 142; United States F. & G. Co. v. Koch, 3 Cir., 102 F.2d 288; and Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, Frankfurter, J., "Where the federal injunction against the state action has been granted, notwithstanding what seems an express prohibition in section 265 of the Judicial Code, it has been done on some such equitable ground or under the second exception laid down * * * in Wells Fargo & Co. v. Taylor, 254 U.S. 175 [41 S.Ct. 93, 65 L.Ed. 205], namely, to protect a federal jurisdiction properly acquired." Borchard Declaratory Judgments, p. 662, 1941 Ed. A declaratory judgment action is strictly neither legal nor equitable—"it is sui generis." Federal Rules of Civil Procedure, 2 Edmunds, p. 1409 (id. 21 Virginia Law Review p. 35).

If it were said that the nature of the actions is the same, it is believed that this case is ruled by the Toucey and the companion case. United States v. Brown, 8 Cir., 281 F. 657; New York Life Ins. Co. v. Truesdale, 4 Cir., 79 F.2d 481; Home Ins. Co. v. Virginia-Carolina Chemical Co., 4 Cir., 109 F. 681; were suits in equity in the federal court in which state court actions were restrained. What has been said above with reference to the Jamerson case is applicable here. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 313, 68 L.Ed. 678, said this section is not a "jurisdictional statute." It neither confers nor takes away jurisdiction otherwise conferred. Further, "It merely limits their general equity powers in respect to the granting of a particular form of equitable relief; that is, it prevents them from granting relief by way of injunction in the cases included within its inhibitions. * * * Such injunctions may be granted, consistently with its provisions, in several classes of cases." Several of such are cited. To the same effect are Sovereign Camp Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Western Union Tel. Co. v. Tompa, 2 Cir., 51 F.2d 1032; National Fire Ins. Co. v. Sanders, 5 Cir., 38 F.2d 212; Northwestern Mut. Ins. Co. v. Errett, D.C., 32 F. Supp. 237; Berdie v. Kurtz, 9 Cir., 75 F.2d 898; all cited by the plaintiffs are distinguishable. Again referring to Kline v. Burke Construction Co. supra, it is to be noted that it was there held that in suits in personam where nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction because "It neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law." It will be noted that it is said in Pomeroy's Equity Jurisprudence, 4th Ed., vol. 4, § 1360 et seq., cited by the defendant, that "It is therefore a well-settled doctrine that in cases of this kind, where the primary rights of both parties are legal, and courts of law will grant their remedies, and courts of equity may also grant their peculiar remedies, equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate; that is, provided the judgment at law will do full justice between the parties, and will afford a complete relief; the adequacy or inadequacy of the legal remedy is the sole and universal test. * * * If any affirmative equitable relief is necessary to a full settlement of the controversy, and to a complete protection of the defendant's rights, a court of equity will interfere, entertain a suit for such relief, and enjoin the action at law." Further, Borchard states page 664, supra: "While the federal courts have in many cases recognized the dilemma of the insurer and in numerous apparently meritorious cases have granted an injunction against the institution of a state action or a stay of an action already begun until the issue of coverage or policy defense could be determined, the more recent tendency is to rest somewhat dogmatically on Section 265 of the Judicial Code, Title 28 U.S.C.A. § 379, and not issue a federal

injunction, at least where the state action has been begun."

■ The second motion herein, as heretofore stated, is an application by two insuring companies involved in this fire loss to intervene as parties plaintiff. One of these companies has already commenced an action in the state court of the State of New York on the same cause of action set forth herein. Upon the motion heretofore stated as having been made before me to dismiss the complaint herein, the defendant urged that these two last-mentioned insuring companies were "indispensable" parties, and the plaintiffs took the position that they were not. Now, upon this motion, the positions of the parties are reversed. In the prior motion this court held that these two insuring companies were not necessary or indispensable parties. The two additional insurance companies base their application upon Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which, among other things, provides: things may be permitted "when an applicant's claim or defense and the main action have a question of law or fact in common." Were it not for the fact that each of the two insuring companies is a corporation organized under the laws of the State of New York, and the defendant is also a corporation organized under the laws of that state, the intervention now would take away the jurisdiction of the court. Defendant on motion or by amended pleading could again raise that question.

The defendant has in the instant suit interposed a counterclaim upon which it seeks to recover the entire amount of the insurance of $17,500 rather than the amount of the proof of loss filed by it with the companies, to wit: $7,872.87. It is asserted that this makes a change in the situation which justifies the granting of the right to intervene. It does not seem to me that there is any merit in this contention.

It is stated in plaintiffs' brief that no cases were located which touch on the question of diversity of citizenship when parties seek to intervene. None have now been found. But it seems to me there is no escape from the conclusion herein drawn.

The motion for an injunction as made by the plaintiffs herein is denied.

The motion as made by the Franklin National Insurance Company and the American Eagle Fire Insurance Company to intervene is denied.