Clarkson *et al.* agt. Manson.

# U. S. CIRCUIT COURT.

### WILLIAM R. CLARKSON *et al.* agt. ROBERT C. MANSON.

*Removal of cause — How amount in dispute determined — Counter-claim must be considered.*

Where an action is brought in a state court for an amount less than $500, and the defendant in his answer pleads a counter-claim exceeding the sum of $500, which is replied to by the plaintiffs:

*Held*, on an application for removal from state to a Federal court the counter-claim must be considered, and that the matter in dispute exceeds $500 (*Overruling same case in* 49 *How.*, 480).

*Southern District of New York, November*, 1880.

MOTION to remand case to the marine court of the city of New York.

*Ira D. Warren* and *John Bassett, Jr.*, for motion.

*D. M. Porter* and *George H. Kracht*, opposed.

BLATCHFORD, *J.* — The plaintiffs brought this suit against the defendant in the marine court of the city of New York to recover the sum of $195 as the balance unpaid on a sale of the fixtures of a store and bake-house. The answer put in, in the state court, sets up that the plaintiffs, with intent to defraud, falsely represented to the defendants that the bake-

house was a profitable business place, and that one Ott, a former proprietor of it, had done a profitable business at it and thus induced the defendant to hire the store; that the plaintiffs also represented that they owned the store and the bakery fixtures in it and offered to sell them to him; that he, to secure for one day the right to purchase them, paid to plaintiffs five dollars as a deposit on the agreement that if he was not satisfied with the fixtures the five dollars should be forfeited; that the defendant, not being satisfied with the store and fixtures, immediately notified the plaintiffs thereof; that the place had never been a profitable business place for a bakery; that Ott closed it because he could not make it pay the expense of keeping it; that the fixtures were mortgaged and were owned by Ott and not by the plaintiffs; that the plaintiffs knew this; that the defendant, relying on said representations and believing them to be true, rented the store and furnished it with new fixtures and made repairs in it, and fitted it up at great expense and hired help to conduct the business of the bakery, and that he has not realized any moneys from the business carried on at the place and was unable to make the business pay expenses, but was obliged to close it to his damage, $750, which he sets up as a counter-claim against the plaintiffs. The answer denies all the allegations of the complaint not thus admitted or denied, and demands judgment against the plaintiffs, that the complaint be dismissed, with costs, and that he have judgment against the plaintiffs for $750. This answer was put in September 13, 1880. A reply, sworn to September 15, 1880, was put in by the plaintiff replying "to the allegations of counter-claim contained in the answer," and denying each and every of said allegations.

On the 20th of September, 1880, the defendant presented to the state court a petition, signed and sworn to by him September 18, 1880, setting forth the pendency of the suit as an action commenced and pending by the plaintiffs against the defendant; that the plaintiffs are, and were at the time of the commencement of the action, citizens of New York, and

Clarkson *et al.* agt. Manson.

the defendant a citizen of New Jersey; "that the matter in dispute in this action exceeds, exclusive of costs, the sum or value of $500;" that "the defendant has appeared in this action, in this court, and answered the complaint;" that the action had not yet been tried, and that no term had passed since it was commenced at which it could be tried. The petition prays that "the said suit may be removed" to this court. The proper bond was given and approved by the state court, and on the 20th of September, 1880, that court made an order *ex parte* which recites the contents of the petition and the tenor of the bond; "and on reading and filing a copy of the pleadings in said action," and the petition and the bond, orders that the petition and bond be accepted, and declares that said court will proceed no further in the suit, it being removed to this court. Afterwards, and before the commencement of the next term of this court, and before a copy of the record in the state court was filed in this court, that court made an order vacating the said order of removal. The ground assigned for making this second order, in the decision made by judge McADAM, the judge of the state court, was that the amount in dispute in the suit was only the amount stated in the complaint, and not the amount claimed in the counter-claim set up in the answer; and that as the matter in dispute did not exceed, exclusive of costs, the sum or value of $500, the case was not one for a removal under section 2 of the act of March 3, 1875 (18 *U. S. Stat. at Large*, 470). Notwithstanding this second order, the defendant, claiming that the suit was removed to this court, filed in this court, on the first day of this term, a certified copy from the state court of the proceedings therein, to and including the order of removal, and entered an order *ex parte*, as an order of course not signed by a judge, reciting the filing of said copy record, and ordering that the cause proceed no further in the state court, and that it proceed in this court in the same manner as if it had been originally commenced therein, and that the appearance of the defendant be and was thereby entered.

The plaintiff now moves for an order vacating the order so entered in this court, and remanding this action to the state court and striking from the files of this court the record so filed here. It appears when the order of removal was made the pleadings in this case were none of them exhibited to the judge of the state court, although the order of removal recited that they were read. They were presented on the making of the second order.

The second section of the act of 1875 provides that " any suit * * * where the matter in dispute exceeds, exclusive of costs, the sum or value of ' $500,' in which there shall be a controversy between citizens of different states * * * either party may remove said suit." The defendant here contends that the matter in dispute, on the issue raised by the counter-claim in the answer, and the reply thereto, exceeds $500, exclusive of costs ; that there is a controversy in regard to such matter, made a controversy conclusively by the plaintiff, by his reply to the counter-claim ; and that on this ground the defendant can remove the whole suit into this court.

Under the New York Code of Civil Procedure (*sec.* 500) an answer may contain a counter-claim, that is, a statement of new matter constituting a counter-claim. Such counter-claim (*sec.* 501) must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of certain specified causes of action. A plaintiff may (*secs.* 494, 495, 496), demur to a counter-claim, distinctly specifying the objections, one of which may be that the counter-claim is not of the character specified in section 501. Where a counter-claim is established which equals the plaintiff's demand, judgment goes for the defendant. Where it is less than the plaintiff's demand the plaintiff has judgment for the residue. Where it exceeds the plaintiff's demand the defendant has judgment for the excess, or so much thereof as is due from the plaintiff (*Sec.* 503). The plaintiff, if he does not demur, may reply to the counter-claim denying what he controverts (*Sec.* 514).

A counter-claim is held to be an affirmation of a cause of

Clarkson *et al.* agt. Manson.

action against the plaintiff, in the nature of a cross-action, and upon which the defendant may have an affirmative judgment against the plaintiff. As a cross-action, setting forth a cause of action by the defendant against the plaintiffs, and demanding a judgment thereon for $750 (in addition to the dismissal of the plaintiffs' complaint and the defeat of the plaintiffs' claim), the claim in which cross-action is disputed by the plaintiffs by the reply, the counter-claim clearly brings into the suit a matter in dispute which exceeds $500 in value. Even if the defendant should have judgment only for the difference between $195 and $750; that would be more than $500; but he claims $750 and that the plaintiffs shall have no judgment. There may be two actions in one point of view. One may be regarded as an action by the plaintiffs against the defendant to recover the $195. The plaintiffs may fail to recover any part of that, or they may recover a part of it, or they may recover the whole of it. The answer, and the counter-claim in it, may have the effect, if proved, to diminish or defeat the plaintiffs' recovery (*Sec.* 501). If the plaintiffs' recovery is wholly defeated, then the defendant becomes actor and may recover judgment for the whole or a part of the $750. Still both proceedings are in one suit, as the word " suit " is used in the act of 1875. The first section of the act of 1875 uses the expressions " suits of a civil nature," " civil action " and " civil suit " as synonymous. The second section of that act uses the expressions " suits of a civil nature " and " said suit " in the same sense. The third section of that act uses the expressions " suit " and " such suit," and " the cause " and " action " in the same sense. The same is true of the same words, and also of the word " case," when used in the subsequent sections of that act. In the sense of sections 2 and 6 of the old Code of Procedure of New York (unrepealed), the proceeding by the defendant against the plaintiffs to recover the $750 is an action and a civil action, the defendant being permitted to become actor in the given case. The statutes of New York now use the word " action "

. and discard all other terms.  The proceeding by the defend-
.ant against the plaintiffs being a civil action, in a suit of a
civil nature, and the matter in dispute in it exceeds, exclusive
of costs, the sum or value of $500, it is brought in the state
court under the authority of the statute of New York, in the
form in which it is brought, although the defendant is turned
into a plaintiff and the plaintiff into a defendant, and jurisdic-
tion of the person of the plaintiff is obtained by the fact that
the plaintiff came into court and brought the defendant in
first, in the action brought by the plaintiff, it clearly makes a
case for removal.  But what is to be removed?  The act of
1875 says that "said suit" is to be removed.  Is the proceed-
ing or action by the defendant, his affirmative claim, the only
thing that is to be removed, leaving the claim of the plaintiffs
to be litigated in the state court, the former claim being $750
and the latter $195?  In view of the facts that the suit is, in
form, one brought by the plaintiffs against the defendant, and
includes the plaintiffs' claim by the voluntary act of the plain-
tiffs, and is made to include the defendant's claim by the
operation of the statute of New York, and that thus there is
but one suit, though there are two controversies in it, and
that the whole suit is to be removed and that either party
may remove it, and that the counter-claim necessarily "must
tend in some way to diminish or defeat the plaintiffs' recovery,"
it follows that the whole suit is removed, including all the
.issues, by the complaint, the answer and counter-claim, and
-the reply.

The case of *West* agt. *Aurora City* (6 *Wallace*, 139) is not
.in point.  The facts there were not at all like the facts in this
.case, and it arose under a different statute.

In *McLean* agt. *St. Paul, &c., Railway Company* (16
*Blatchf. C. C. R.*, 309) a construction was given to section 2
.of the act of 1875, to the effect that a suit, where the requisite
.citizenship for removal did not exist when the suit was
brought, might become removable by the occurrence of the
requisite citizenship during the pendency of the suit.  Under

that ruling it must be held that it is not necessary that the requisite amount in dispute should appear to have existed when the suit was brought. After proceedings for removal are completed a party cannot be deprived of his right by any action of the state court, or of the other party, in reducing the amount appearing to be in dispute (*Kanouse* agt. *Martin*, 15 *How.*, 198). But there is nothing to prevent a state court from allowing an insufficient amount in dispute to become an adequate amount under the act of 1875, or prevent such insufficient amount from becoming an adequate amount under that act by the operation of the statute of New York and the lawful acts of the parties to the suit thereunder.

The motion to remand the suit and for other relief is denied.