duce substantially the same results in substantially the same way, then Clark's patent is valid, unless the change made by Clark is so obvious that it required no invention or labor of thought to make that change.

With regard to the degree of mental labor and inventive skill required in the work of invention, the law has no nice or rigid standard. There must be some inventive skill exercised, but the degree of that skill is not material. It not unfrequently happens, in the progress of the mechanic arts, that the time arrives when the whole atmosphere of inventive thought is quickened with the life of an approaching discovery, that many lines of investigation and experiment, converging for a long time toward the point, almost, but not quite, reach it; when, at last, some mind, by a happy thought, supplies some new element, or instrument, or mode of organization, and instantly gives birth to the organized idea.

If this inventor, Timothy Clark, has in this instance, supplied to what was old some new element, instrument, or new organization, and thus produced a better practical result than had been included by the old means, he is entitled to the merit and fruits of his labor.

It is claimed by the defendant, that the hand of the engineer is a better regulator than any automatic machine, and that it is a sufficient answer to the question, why these inventions, to wit: the float, piston, and Brunton's regulators are not in use, and have not attracted more attention from engineers.

Of the force of this you are to judge, in the light of the evidence, of the value of Clark's invention, and in view of the fact that the defendant, himself an engineer, has patented an apparatus having the same object.

If you find Clark's invention new, then the only remaining question is, has the defendant infringed? On this point, I do not apprehend that you will have any difficulty. The mere change in the form of the elastic or flexible vessel, or the material of which it is composed, does not take it out of Clark's invention, if the original mechanism is substantially the same, and operates substantially in the same way.

As I have already remarked, if you find for the plaintiffs, you will assess the damages at six cents only. The plaintiffs then can resort to a court of equity for any further protection of their rights.

The jury found a verdict for the plaintiffs.

## Case No. 2,867.

### CLARKSON v. MANSON.

Circuit Court, S. D. New York. Nov. 15, 1880.

[Cited as an unreported case in Falls Wire Manuf'g Co. v. Broderick, 6 Fed. 654. Reported in 4 Fed. 257.]

CLARKSVILLE (GAUSE v.). See Case No. 5,276.

CLARKSVILLE (NORTHWESTERN UNION PACKET CO. v.). See Case No. 10,342.

CLARK THREAD CO. (WILLIMANTIC LINEN CO. v.). See Case No. 17,763.

CLASEN (PHELPS v.). See Case No. 11,074.

## Case No. 2,868.

### CLASON et al. v. SMITH.

### [3 Wash. C. C. 156.][1]

Circuit Court, D. Pennsylvania. April Term, 1812.

INSURANCE—REPRESENTATIONS—MATERIALITY.

1. A misrepresentation, which will avoid a policy, must not only be false, but it must be material, either in relation to the rate of premium, or as offering a false inducement to the underwriter to take the risk, when otherwise he would not have done so. If it had no influence, or ought to have had none, it cannot be said to have been material.

[Cited in Coles v. Marine Ins. Co., Case No. 2,988.]

2. The mere expression of an opinion by the assured, or an expectation as to a matter which might even imply that the party had some ground, deemed by himself sufficient, on which to build his opinion, would not amount to a material misrepresentation. It was the folly of the assurer, not to have inquired into the grounds of the opinion.

[Cited in Ruggles v. General Interest Ins. Co., Case No. 12,119.]

Action [by Clason & Dunham] on two policies of insurance; one on the ship Horatio, and the other on the cargo, at and from New-York to Tonningen, at a premium of 20 per cent. She sailed with her cargo on the voyage insured, in February, 1810, and has never been since heard of. There were two questions made in the cause—1. As to the seaworthiness of the vessel. 2. A material misrepresentation.

WASHINGTON, Circuit Justice, in the charge, summed up the evidence, and then left the question of seaworthiness to the jury.

As to the second question.—The misrepresentation asserted to have been made, is contained in a letter from the plaintiffs to their agent in Philadelphia, of the 23d of January, in which they agree to give 15 per cent. premium, and add, "we have no doubt, but that we could get the insurance effected in New-York at that premium." The defendant refused to take the risk for less than 20 per cent., and after some time the insurances were completed at that premium. The evidence proves, that applications were made to the different offices, the whole of whom refused to take the risk at all. In point of fact, then, this statement in the plaintiffs'

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]