STURGEON RIVER BOOM CO. v. W. H. SAWYER LUMBER CO.

(Circuit Court, W. D. Michigan, N. D.    September 10, 1898.)

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—HOW SHOWN.

   To authorize a removal it must appear from the pleadings at the time of removal that the requisite sum is in controversy.  Where such fact does not appear from the declaration which is then the only pleading on file, it cannot be supplied by averments as to a set-off in the petition for removal, nor by pleadings filed after the removal is made.

On Motion to Remand.

Gray & Looney, for plaintiff.
Chadbourne & Rees, for defendant.

SEVERENS, District Judge.  In this case the petition for removal was filed, and the case removed, before the defendant had filed its plea.  At that time the only pleadings in the case were the declaration and bill of particulars in explanation of it.  In respect to the amount claimed, the ad damnum was limited by the bill of particulars, and this was for a sum less than $2,000.  If the plea and notice had been filed before the petition for removal was presented, it may be that the set-off could have been taken into account in determining what sum was in controversy.  From the petition it may be gathered that the defendant intended to plead a set-off large enough to bring up the amount in controversy to a sum more than $2,000.  But it was not certain that the set-off would be set up and claimed.  That would depend on the subsequent election of the defendant.  If it should not do so, the jurisdiction of this court would not exist.  The grounds for jurisdiction cannot be established or defeated after removal.  Riggs v. Clark, 18 C. C. A. 242, 37 U. S. App. 626, and 71 Fed. 560; Hayward v. Manufacturing Co., 29 C. C. A. 438, 85 Fed. 4.  I think it is necessary that it should appear from the pleadings at the time of the removal that the requisite sum is in controversy, and that the averment in the petition is not competent to show such fact in the absence of proper pleadings to support it.  In the case of State of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, it was held that, in order that a case should be removable as one arising under the constitution, laws, or treaties of the United States, it must appear from the statement of the plaintiff's own claim that the case is such, and that it is not competent for the defendant to supply the ground for removal by averring in the petition therefor that the controversy involves such a question.  A previous decision in Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, had been rendered to the same effect.  There would seem to be the same reason for requiring that it should appear from the existing state of the pleadings that the sum necessary for jurisdiction is in controversy.  For the foregoing reasons, I conclude that the case was improperly removed, and should be remanded to the state court.