CHESAPEAKE AND OHIO RAILWAY COMPANY *v.* McDONALD, ADMINISTRATOR.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 158. Argued April 19, 1909.—Decided May 17, 1909.

The Federal question must be properly and seasonably set up in the state court in order to give this court jurisdiction to review under § 709, Rev. Stat.

Where the state statute provides that an appeal from an order refusing to remove a cause to the Federal court must be taken within two years, and no appeal is taken, and the highest court of the State decides that an appeal from the judgment in the case taken more than two years after entry of the order refusing to remove does not bring up that order for review, the Federal question has not been properly preserved, and this court has no jurisdiction.

A Federal constitutional objection may be waived so far as having the right of review of a judgment in the state court is concerned where the question is not made in the state court by proper procedure. *Harding* v. *Illinois*, 196 U. S. 78.

31 Ky. L. R. 500, affirmed.

THE facts are stated in the opinion.

*Mr. E. L. Worthington,* with whom *Mr. W. H. Wadsworth, Mr. W. D. Cochran* and *Mr. LeWright Browning* were on the brief, for plaintiffs in error.

*Mr. A. D. Cole,* with whom *Mr. T. R. Phister, Mr. R. D. Wilson* and *Mr. W. T. Cole* were on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The defendant in error, J. W. McDonald, as administrator of Nancy J. Wilson, deceased, on March 23, 1900, brought

suit in the Lewis Circuit Court of Kentucky against the Chesapeake and Ohio Railway Company and the Maysville and Big Sandy Railroad Company, and certain employés of the former, to recover damages for the alleged wrongful death of Nancy J. Wilson. On May 29, 1900, the Chesapeake and Ohio Railway Company, a corporation of Virginia, filed a petition for removal of the case to the United States Circuit Court for the Eastern District of Kentucky, and an order of removal was made accordingly. On September 3, 1902, the case having been remanded by the United States Circuit Court, it was redocketed in the state court. On January 19, 1903, the plaintiff discontinued the action as against the five individual defendants. On January 21, 1903, the Chesapeake and Ohio Railway Company filed another petition to remove the case to the United States Circuit Court on the ground of separable controversy. This motion for removal was overruled by the Lewis Circuit Court, and, thereafter, on May 19, 1904, the case went to trial in the Lewis Circuit Court, and that court directed a verdict for the railroad companies. Upon appeal to the Court of Appeals of Kentucky that judgment was reversed. 27 Ky. L. R. 778.

A second trial of the case in the Lewis Circuit Court, on September 27, 1906, resulted in a verdict and judgment for the defendant in error. From that judgment an appeal was taken to the Kentucky Court of Appeals and it was there affirmed. 31 Ky. L. R. 500.

The Federal question attempted to be presented grows out of the alleged error in refusing, upon the second application, to remove the cause from the Lewis Circuit Court to the United States Circuit Court for the Eastern District of Kentucky.

The right to review a judgment of a state court by error proceedings in this court is regulated by § 709 of the Revised Statutes of the United States. To lay the foundation for such right of review it is necessary to bring the Federal question in some proper manner to the consideration of the state court whose judgment it is sought to review; if this is not done, the Federal question cannot be originated by assignments of error

in this court. The Federal right asserted in this case comes within the third class named in § 709 of the Revised Statutes, wherein a right, title, privilege or immunity is claimed under the United States, and the decision is against such right, title, privilege or immunity. In this class of cases the statute requires that such right or privilege must be specifically set up and claimed in the state court, and in any of the classes of cases mentioned in § 709 it is essential that the record disclose that the Federal question involved was decided, or that the judgment necessarily involved the Federal right and decided it adversely to the claim of the plaintiff in error. *Columbia Water Power Co.* v. *Columbia Street Ry.,* 172 U. S. 475; *Fowler* v. *Lamson,* 164 U. S. 252; *Clarke* v. *McDade,* 165 U. S. 168, 172; *Capital City Dairy Co.* v. *Ohio,* 183 U. S. 238, 248. In the latter case this court said:

"It is well settled that this court, on error to a state court, cannot consider an alleged Federal question, when it appears that the Federal right thus relied upon had not been by adequate specification called to the attention of the state court and had not been by it considered, not being necessarily involved in the determination of the cause. *Green Bay & Miss. Canal Co.* v. *Patten Paper Co.,* 172 U. S. 52, 67; *Oxley Stave Co.* v. *Butler Co.,* 166 U. S. 648, 654, 655, and cases cited."

In the opinion of the Kentucky Court of Appeals in this case the question of the correctness of the order of removal is not considered, nor is there anything in the record to indicate that the alleged error in refusing to remove the case on the second application was brought to the attention of the Kentucky Court of Appeals. In this court the assignments of error concern the alleged error in refusing to remove the case upon the second application, and avers that the Kentucky Court of Appeals erred in holding, in substance and effect, that the plaintiff in error had no such right of removal. But, as we have said, the assignments of error in this court cannot enlarge the right of review. Moreover it is apparent that if the question of the right of removal was brought before the Ken-

tucky Court of Appeals upon the judgment to which this writ of error is prosecuted, it would not have considered the question. The refusal to remove upon the second application was in January, 1903. The judgment, which was taken to the Court of Appeals for review in the present case was rendered on September 27, 1906.

The Kentucky Civil Code of Practice provides that an appeal from judgments and final orders, which includes such orders as the one now under consideration (*Hall & Long* v. *Ricketts*, 9 Bush [Ky.], 366, 370), shall not be granted except within two years after the right of appeal first accrued. No appeal was taken from the order refusing to remove within two years. At the time when the appeal in the present case was made to the Kentucky Court of Appeals it was too late to review the order refusing to remove. In the case of *M. & B. S. R. R. Co.* v. *Willis*, 104 S. W. Rep. 1016, 1018, the Court of Appeals of Kentucky, dealing with the question, said:

"It is further insisted that it was error not to grant the request of appellant to remove the action to the Federal court. This motion was based upon the ground that the original petition did not state a good cause of action either against the Chesapeake and Ohio Railway Company, which is a foreign corporation, or the resident defendant, the Maysville and Big Sandy Railroad Company. . . . The action of the lower court refusing to transfer the action was made and entered in July, 1903, and it is now too late to raise any question as to the regularity of this ruling. In fact, this appeal is prosecuted alone from the judgment rendered in October, 1906, and under no state of case could this court review the error of the character complained of committed in 1903."

It is contended, however, that if the case were a removable one the effect of filing a petition and bond was to divest the jurisdiction of the state court, and this has been said in decisions of this court upon the subject. This does not mean, however, that the right to review the judgment of a state court only by proper proceedings under § 709 of the Revised Statutes

is in anywise altered or modified. When the state court upon the second application refused to remove the case it was the privilege of the railroad company to take a transcript of the record and make an application to file it in the Federal Circuit Court, and if that court sustained its jurisdiction it might have protected the same by injunction against further proceedings in the state courts, or, if the latter court refused to surrender the record, a writ of certiorari could issue to require its transfer to the Circuit Court of the United States, *Chesapeake & Ohio R. R. Co.* v. *McCabe*, 213 U. S. 207 or remaining in the state court after that court refused to remove, it might, after final judgment, have brought the case here for review, but this does not mean that it could have a review of the judgment of the state court when it has failed to invoke the judgment of that court within the time prescribed by the statute of the State for the review of such orders. Under the statute in Kentucky the review of the order refusing to remove could only be had within two years. Within that time the plaintiffs in error could have taken the question to the Kentucky Court of Appeals, and, if the ruling was against it, after final judgment, could have brought the case here for review. But it could not remain in the state court, without any attempt to have the order refusing the removal reviewed within the statutory period, and escape its judgment on the ground that it was void, if against it, because the case was a removable one.

In *Harding* v. *Illinois*, 196 U. S. 78, it was held that a Federal constitutional objection might be waived, so far as having the right of review of a judgment in a state court was concerned, where the record in the case disclosed that the question was not made in the state court by proper procedure or argument in support of the assertion of the Federal question, and the state court had for that reason held the right to review the Federal question waived.

We are of opinion that this case presents no valid exception to the ruling of the state court upon a Federal question duly reserved by some proper form of procedure, as is required by

§ 709 of the Revised Statutes of the United States, in order to be reviewable here.

It follows that the writ of error must be dismissed.

*Dismissed.*