ANDERSON *v.* UNITED REALTY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 27. Argued November 1, 1911.—Decided December 4, 1911.

Where there is a separable controversy and requisite diversity of citizenship it is the duty of the state court to accept the petition and bond and proceed no further in the case; trial and judgment thereafter by the state court would be *coram non judice* unless its jurisdiction over the cause be restored.

The state court may recover jurisdiction over a cause which has been removed by defendants having separable controversy, and where plaintiff has an order entered dismissing it against the removing defendants and other defendants having like ground of removal reciting that in consideration of such dismissal the petition for removal is withdrawn, the state court has jurisdiction to proceed against the remaining defendants. *National Steamship Co.* v. *Tugman*, 106 U. S. 118, distinguished.

79 Oh. St. 23, affirmed.

THE facts are stated in the opinion.

*Mr. Rhea P. Cary* for plaintiff in error:

There was in this case a separable controversy between the Hammond Company and the original plaintiff, who is the plaintiff in error herein. *Barney* v. *Latham*, 103 U. S. 205; *Bacon* v. *Felt*, 36 Fed. Rep. 871; *Stanbrough* v. *Cook*, 38 Fed. Rep. 369; *Pacific Railroad Removal Cases*, 115 U. S. 2; *Bates* v. *Carpenter*, 98 Fed. Rep. 452.

The fact that neither the plaintiff or defendant was an inhabitant of the Northern District of Ohio, did not preclude the Circuit Court of the United States from acquiring jurisdiction upon the filing of the petition and bond for removal in the common pleas court of Lucas county, Ohio. *McCormick Machine Co.* v. *Walthers*, 134 U. S. 41; *St. L. & S. F. Ry. Co.* v. *McBride*, 141 U. S. 127; *Ex parte Wisner*, 203 U. S. 449; *In re Moore,* 209 U. S. 490.

Upon the filing of the petition and bond for removal, the state court was divested of jurisdiction of the suit, and its subsequent orders were *coram non judice* and void. *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Steamship Company* v. *Tugman*, 106 U. S. 108; *Traction Co.* v. *Mining Co.*, 196 U. S. 239.

*Mr. Harry E. King, Mr. Clayton W. Everett* and *Mr. Oliver B. Snider*, with whom *Mr. Edward H. Rhoades, Mr. Edward H. Rhoades, Jr., Mr. Elmer E. Davis, Mr. George A. Bassett* and *Mr. Rathbun Fuller* were on the brief, for defendants in error.

Memorandum opinion by direction of the court. By MR. JUSTICE LURTON.

The single question for our consideration upon this writ of error concerns the jurisdiction of the state court to proceed with the action after one of the original defendants had filed its petition and bond for removal to the Circuit Court of the United States.

If, as we shall assume, there was a separable controversy and the requisite diversity of citizenship, it was the duty of the state court to accept the petition and bond and proceed no further in the case. A trial and judgment thereafter would be *coram non judice*, unless its jurisdiction over the cause and the parties was in some way restored. *National Steamship Co.* v. *Tugman,* 106 U. S. 118; *Trac-*

*tion Company* v. *Mining Company*, 196 U. S. 239, 253. But we are of opinion that the plaintiff in error is not in a position to now assert that the state court's subsequent exercise of jurisdiction was without authority. When the removal petition and bond were filed, the plaintiff, before any order was made in the state court or the record filed in the United States court, had an order entered in the state court dismissing his action against the removing defendant and certain others having like ground of removal, the order reciting that in consideration of such dismissal the petition for removal was withdrawn. Thereafter the cause was proceeded with against the remaining defendants without the hint of any objection by either the plaintiff or the remaining defendants. Upon the contrary, many steps were taken and a long jury trial had, resulting in a verdict and judgment for the defendants. Not until the cause was carried to the Ohio Circuit Court by appeal of the plaintiff was there any objection made to the jurisdiction of the trial court.

The state court had jurisdiction over the subject-matter. It recovered jurisdiction over the remaining parties by action and conduct equivalent to a formal waiver of new process and new pleadings or any formal remander by the United States court.

The *Tugman Case*, cited above, does not help the plaintiff in error. The defendant whose right to remove had been erroneously denied was held not to have waived his right to remove by subsequently consenting to a reference of the case to a referee, or by defending the suit both before the referee and the court without protesting. This court said (p. 123):

"When the State court adjudged that it had authority to proceed, the company was entitled to regard the decision as final, so far as that tribunal was concerned, and was not bound, in order to maintain the right of removal, to protest at subsequent stages of the trial against its ex-

ercise of jurisdiction. Indeed, such a course would scarcely have been respectful to the State court, after its ruling upon the point of jurisdiction had been made."

If, on the other hand, he had thereafter invoked the court's jurisdiction in his own behalf, he would not have been permitted later to deny it. *Texas & Pac. Ry.* v. *Eastin,* 214 U. S. 153; *Garrozi* v. *Dastas,* 204 U. S. 64, 73; *C. & O. Ry.* v. *McDonald,* 214 U. S. 191.

*Judgment affirmed.*