### LA VECCHIA v. CONNECTICUT MUT. LIFE INS. CO. OF HARTFORD, CONN.

District Court, S. D. New York.

April 18, 1932.

Wiess & Costa, of Monticello, N. Y., for plaintiff.

Clark & Baldwin, of New York City, for defendant.

CAFFEY, District Judge.

The cause is not removable under section 28 of the Judicial Code (28 USCA § 71) unless there would have been jurisdiction if the suit had been originally brought in this court. Cochran v. Montgomery County, 199 U. S. 260, 26 S. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451; Enger v. Northern Finance Corporation (D. C.) 31 F.(2d) 136. The jurisdiction of the United States District Court is defined by section 24 of the Judicial Code (28 USCA § 41). Jurisdiction here is asserted by the defendant, under subdivision (1) because (a) there is diversity of citizenship of the parties, and (b) "the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." It is conceded that the plaintiff and the defendant are citizens of different states. The question turns, therefore, on whether the sum in controversy is more than $3,000.

Paragraph 16 of the complaint alleges that the plaintiff is entitled to recover and the prayer seeks recovery of a monthly installment of $50 due February 1, 1932, and further monthly installments of $50 thereafter. Defendant says, and it may be assumed, that the life expectancy of plaintiff is such that, if payments at the rate demanded were made until plaintiff's death, the aggregate would be upward of $15,000.

Ordinarily, the amount in controversy is what is claimed in the complaint; but that is not conclusive. Where it affirmatively appears from the complaint that a portion of what is sought is not recoverable, it is the duty of the court to eliminate it from consideration in determining the issue of jurisdiction. North American Transportation & Trading Co. v. Morrison, 178 U. S. 262, 20 S. Ct. 869, 44 L. Ed. 1061; Cf. Cohn v. Cities Service Co. (C. C. A.) 45 F.(2d) 687, 689.

The total and permanent disability clause (paragraph 4 of the complaint) plainly obligates the defendant to pay installments only during continuance of the disability. In other words, the face of the com-

plaint shows that in no event can plaintiff properly have judgment for the whole period of his life expectancy. It follows that a calculation predicated on tables of mortality is not a test of the sum for which it is permissible to render judgment. The implication is inescapable that, in the state court, this was the view taken by Judge Foster when he declined to sign an order of removal.

█ Two things are clear: (a) a judgment for one installment will not foreclose future litigation at any time of the issue of whether the disability has ceased; (b) even if a judgment for the February, 1932, installment were res adjudicata of liability for installments maturing in subsequent months, that would not increase, for jurisdictional purposes, the amount in controversy beyond the sum for which, upon the complaint, judgment can presently be rendered. Wright v. Mutual Life Ins. Co. of New York (C. C. A.) 19 F.(2d) 117, affirmed 276 U. S. 602, 48 S. Ct. 323, 72 L. Ed. 726; Cf. Enger v. Northern Finance Corporation, supra.

Motion denied.