## BRYANT v. ATLANTIC COAST LINE R. CO.
### No. 44.

Circuit Court of Appeals, Second Circuit.
Nov. 15, 1937.

Louis N. Jaffe, of Brooklyn, for appellant.

Stewart & Shearer, of New York City (James J. Mennis and Harry K. Davenport, both of New York City, of counsel), for appellee.

570

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff appeals from an order denying his application to enjoin the defendant from prosecuting a suit in equity in a Virginia state court, or enforcing an injunction obtained therein. The facts are as follows. The plaintiff was an employee of the defendant railroad, engaged in interstate commerce; being injured in his employment, he sued the defendant in the United States District Court for the Southern District of New York under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59). The defendant appeared specially; and sought to set aside the service because it was not doing business in the district, and to dismiss the action because it was a burden upon interstate commerce to require it to try the cause in New York, instead of in Virginia, where the plaintiff lived, the accident happened and the witnesses were available. These motions were denied, and the defendant appeared generally and answered. Thereafter it filed a suit in equity in a state court of Virginia to enjoin the plaintiff from prosecuting the action, on the ground that it was oppressive and inconvenient, and only brought to vex and harass the defendant, and that the proper forum was in Virginia. The Virginia court enjoined the plaintiff from proceeding in the action, and it may be assumed that the defendant proposes to enforce the decree. Thereupon the plaintiff moved in the action for an order enjoining the defendant from taking any steps to enforce the injunction, or to prosecute the suit. That motion was denied and the plaintiff appealed.

The plaintiff's theory is that section 56, title 45, U.S.Code (45 U.S.C.A. § 56) gave him the absolute privilege to sue the defendant in any district where it did business, regardless of whatever burden this might impose upon interstate commerce. In all those decisions which hold the contrary, he alleges, the action enjoined was in a state court, on which jurisdiction had been conferred only permissively. Not so in the case of a federal court. Hence the decree of the Virginia court sought in substance to deprive the federal court of a jurisdiction expressly granted by Congress, and it was not only permissible, but necessary, for that court to protect that jurisdiction. We think, however, that even though all this were true, the order below was right, because the situation was within section 379 of title 28, U.S.Code, 28 U.S.C.A. § 379 (Rev.St. § 720, now Jud.Code § 265). That this section covers the situation literally admits of no debate; the only question is whether it falls within any of the exceptions which have come to be engrafted upon it. Laying aside bankruptcy which is expressly excepted, the most common situation is where a suit has been first begun in a federal court which has assumed custody of a res, or which in that suit could lawfully do so. The federal court may in that case forbid the prosecution of another suit in which a state court seeks to take the res into its own custody. Farmers' L. & T. Co. v. Lake Street E. R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Adelbert College v. Wabash R. Co., 215 U.S. 598, 30 S.Ct. 400, 54 L.Ed. 343. The decisions so holding are legion; though even in that situation the federal court may not enjoin suits to declare the rights of claimants to the res, if they do not and cannot disturb its custody. General Baking Co. v. Harr, 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730. Akin to this jurisdiction is that under which a federal court enjoins suits to seize, or relitigate the title of a purchaser to, property bought under its own decree. Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629; Lang v. Choctaw O. & G. R. Co., 160 F. 355 (C.C.A.8). Cf. Riverdale Cotton Mills v. Alabama & G. Mfg. Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008. Again, a federal court may enjoin the execution of a judgment, which is being attacked for fraud in a suit pending before it. Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Wells, Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205. Such a power is essential to any effective disposition of the suit before the court, since its decree would be a nullity, once the judgment was satisfied. True, the judgment creditor might still be compelled to disgorge, but the suit by hypothesis is to cancel the obligation of the judgment, and that disappears upon payment. Similarly there may be circumstances such that, unless the state suit is enjoined, the plaintiff in the federal suit will permanently lose a defense which cannot be set up in the state suit. Brown v. Pacific Mutual Life Ins. Co., 62 F.(2d) 711 (C.C.A.4). Here the plaintiff can seek relief by appeal to the Supreme Court

of Virginia and by certiorari to the Supreme Court of the United States. The jurisdiction to enjoin criminal prosecutions under an unconstitutional statute, is too far afield to need discussion. Ex parte Young, 209 U. S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R. A.(N.S.) 932, 14 Ann.Cas. 764. None of these exceptions will serve in the case at bar for obvious reasons.

A nearer situation is when a federal court enjoins further proceedings in a state suit which has been lawfully removed. French v. Hay, 22 Wall. 238, 22 L.Ed. 854, though usually cited for this, is hardly an authority, but the doctrine is well settled. Dietzsch v. Huidekoper, 103 U.S. 494, 26 L.Ed. 497; Madisonville Traction Company v. Saint Bernard Mining Company, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Chesapeake & O. Ry. Co. v. McCabe, 213 U.S. 207, 219, 29 S.Ct. 430, 53 L.Ed. 765; Chesapeake & O. Ry. Co. v. McDonald, 214 U.S. 191, 195, 29 S.Ct. 546, 53 L.Ed. 963. The removal statute (section 72, title 28, U.S.Code [28 U.S.C.A. § 72]) expressly forbids the state court to continue after removal, and this has been construed to mean that that court actually loses jurisdiction, so that its judgments are brutum fulmen. National Steamship Company v. Tugman, 106 U.S. 118, 122, 1 S. Ct. 58, 27 L.Ed. 87; Madisonville Traction Co. v. St. Bernard Mining Co., supra, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Anderson v. United Realty Co., 222 U.S. 164, 32 S.Ct. 50, 56 L.Ed. 144. To enjoin further proceedings is therefore not strictly to enjoin an action in the state court, for the action has passed to the federal court; it is not therefore a violation of section 379 of title 28, U.S.C.A. The situation here is quite different; for even if the Virginia court ought not to have enjoined the plaintiff, it had undoubted jurisdiction to do so; Congress had not forbidden its exercising that jurisdiction. American Surety Co. v. Baldwin (D.C.) 2 F.Supp. 679, was not indeed a removal case, but the matters sought to be litigated in the state suit had been already adjudicated in the federal suit. In the case at bar the questions adjudicated in Virginia were not those decided by motion in the federal action. The Virginia decree was not granted because the action would burden interstate commerce, but because it would unfairly vex and oppress the defendant, quite another ground. However, it would have made no difference, if the grounds had been the same. The supposed adjudication in the action would have had to be pleaded in the Virginia suit, and if the Virginia court did not give it full faith and credit, that would have been an error to be corrected by appeal. The federal court whose decision had been disregarded, could not assume to correct it by enjoining prosecution of the suit. We cannot therefore agree with the reasoning of the decision, though on the facts it is not strictly in point. Nor can we agree with Chicago, M. & St. Paul Ry. Co. v. Schendel, 292 F. 326 (C.C.A.8), where the facts were on all fours with those at bar. The court's theory there was that, as the federal court had first acquired "jurisdiction of the subject-matter of the cause of action" (292 F. 326, at pages 332–334), it might protect that jurisdiction. In so holding the court assumed to follow Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, but with great deference it does not seem to us that it did so. An action in personam is indeed in some sense a "subject-matter" before the court where it is pending; conceivably its pendency should stay a later action in the court of another state, just as it often does—when both courts are of the same state—under the plea of lis alio pendens. But the very purpose of Kline v. Burke Construction Company, supra, was to reaffirm—for it was an old doctrine—that two actions in personam upon the same cause of action may go on pari passu in different jurisdictions. That is in effect the situation at bar; because although of course the action and the suit are not upon the cause of action, the plaintiff's present demand to be free to prosecute the action involves exactly the same cause of suit as the Virginia suit. This would at once have been apparent had it been pressed by bill in equity, as, strictly speaking, it should have been; for the Virginia suit was based upon the notion that the plaintiff was using inequitably a legal right—the right of action under the Federal Employers' Liability Act—just as he might use a legal title to land inequitably. The plaintiff's motion strove to supersede that suit by drawing the same issue before the federal court; and both controversies were suits in personam which did not concern a res susceptible of custody. Both may therefore go along side by side.

Order affirmed.